### CLARK BLADE & RAZOR CO. v. GILLETTE SAFETY RAZOR CO. et al.

### CLARK BLADE-SELLING CORPORATION v. SAME.

Nos. 5958, 5959.

Circuit Court of Appeals, Third Circuit.

March 4, 1936.

Coult, Satz & Tomlinson, of Newark, N. J. (Joseph Coult and John J. Francis, both

of Newark, N. J., of counsel), for appellants.

Arthur T. Vanderbilt, of Newark, N. J. (Caruthers Ewing, of New York City, and G. Dixon Speakman, of Newark, N. J., of counsel), for appellees.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

PER CURIAM.

In the court below the Clark Blade & Razor Company and the Clark Blade-Selling Corporation each brought suit against the Gillette Safety Razor Company and Otto Roth, Incorporated, charging them with violations of the Sherman Anti-Trust Act (15 U.S.C.A. §§ 1–7, 15 note) and the Clayton Act (section 1 et seq. [15 U.S.C.A. § 12 et seq.]), to the damage of said plaintiffs.

The cases involve common questions of law and fact, and were tried together. At the close of testimony the trial judge directed a verdict in favor of the defendants. Thereupon this appeal was taken, and the questions involved are the giving of such binding instructions and the rulings of the court on the admission and refusal of evidence.

A vast amount of evidence was given, and the case turns on its own particular facts, and, as we view it, no principle of law, procedure, or practice is involved, but the briefs of both sides are loaded with references and extracts from the cases involving the much-litigated and much-discussed questions arising under the statutes here involved. We see no useful purpose to be served by our adding to this volume of legal literature. Suffice to say the basic question is whether the facts proven were such as constrained the judge to submit the cases to the jury.

After due consideration had, we are of opinion the proofs of the plaintiffs did not warrant submission to the jury, and, as the rulings of the court as to the admission would not have so affected the case as to have warranted the submission of the causes, we find no reversible error, and accordingly limit ourselves to affirming the judgments below.

The briefs of both appellant and appellee violate rule of court No. 24 (4) prohibiting the printing of arguments in excess of fifty pages. The rule is violated by the practice followed in this case of incorporating what is in fact argument under the misleading heading "Statement of the Case." The practice is not to be overlooked, but will, if persisted in, result in the suppression of briefs in violation of the rule.